UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SAMUEL COLLINS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:18-cv-00435 |
| | ) | |
| RANDALL LIBERTY, et als., | ) | |
| | ) | |
| Defendants | ) | |

**ANSWER OF DEFENDANTS RANDALL LIBERTY, ROBERT WALDEN, ERIC MCVAY, ALEXANDER RICHARDS, PHILIP HODGDON AND KURT DYER, SR.**

Defendants Randall Liberty, Robert Walden, Eric McVay, Alexander Richards, Philip Hodgdon and Kurt Dyer, Sr. answer the Complaint as follows

1. – 3.  Paragraphs 1 – 3 of the Complaint state legal conclusions, and no response is required.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants admit that, at all relevant times, defendant Walden was a Deputy Warden at MSP and that the food service came under his authority.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8.  Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants admit that defendant Hodgdon was employed as a corrections officer at MSP at the time alleged.  Defendants neither admit nor deny the remaining allegations in Paragraph 9 for lack of sufficient knowledge and information.

10. Defendants deny that defendant Lamson is a licensed physician. Defendants admit the remaining allegations in Paragraph 10 of the Complaint.

11. Defendants admit that defendant Dyer is food services manager at MSP and was so employed at all relevant times. Defendants admit that Dyer was in overall charge of food services at MSP.

12. Defendants admit that defendant Wakeen is a dietician but deny that she is "in charge" of inmate diets at MSP.

13. Defendants neither admit nor deny the allegations in Paragraph 13 for lack of sufficient knowledge and information.

14. Defendants neither admit nor deny the allegations in Paragraph 14 for lack of sufficient knowledge and information.

15. Defendants neither admit nor deny the allegations in Paragraph 15 for lack of sufficient knowledge and information.

16. Defendants neither admit nor deny the allegations in Paragraph 16 for lack of sufficient knowledge and information.

17. Defendant neither admits or denies that Collins requested medical care and, if so, when in relation to that request he was first seen in the infirmary; or that the nurse assessed Collins as "severely ill," for lack of sufficient knowledge and information. Defendants admit the remaining allegations in Paragraph 17 of the Complaint.

18. Defendants neither admit nor deny that plaintiff's condition was "assessed as serious," or that medical staff concluded that plaintiff had an infection that was untreated for an extended period of time, for lack of sufficient knowledge and information. Defendants admit the remaining allegations in Paragraph 18 of the Complaint.

19. Defendants neither admit nor deny that plaintiff was diagnosed with sepsis, or that the common bile duct stone removed from the plaintiff was characterized as "giant." for lack of sufficient knowledge and information. Defendants admit the remaining allegations in Paragraph 19 of the Complaint.

20. Defendants admit that plaintiff returned to MSP on the date alleged. Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants neither admit nor deny the allegations in Paragraph 23 of the Complaint for lack of sufficient knowledge and information.

24. Defendants neither admit nor deny the allegations in Paragraph 24 of the Complaint for lack of sufficient knowledge and information.

25. Defendants neither admit nor deny the allegations in Paragraph 25 of the Complaint for lack of sufficient knowledge and information.

26. Defendants neither admit nor deny the allegations in Paragraph 23 of the Complaint for lack of sufficient knowledge and information.

27. Defendants neither admit nor deny the allegations in Paragraph 23 of the Complaint for lack of sufficient knowledge and information.

28. Defendants neither admit nor deny the allegations in Paragraph 23 of the Complaint for lack of sufficient knowledge and information.

29. Defendants admit that a meeting was held on May 10, 2016 as alleged. Defendants deny that the subsequent plan was not followed.

30. Defendants admit that plaintiff was in the infirmary for 21 days, as alleged. Defendants deny the remaining allegations in Paragraph 30 of the Complaint.

31. Defendants deny that the kitchen staff are unable and unwilling to accommodate plaintiff's reasonable dietary needs. Defendants neither admit nor deny the remaining allegations in paragraph 31 of the Complaint for lack of sufficient knowledge and information.

32. Defendants admit that defendant Liberty corresponded with Eric Collins and state that the correspondence speaks of itself. Defendants deny the remaining allegations in Paragraph 32 of the Complaint.

33. Defendants neither admit nor deny the allegations in Paragraph 33 of the Complaint for lack of sufficient knowledge and information.

34. Defendants neither admit nor deny the allegations in Paragraph 34 of the Complaint for lack of sufficient knowledge and information.

35. Defendants admit that defendant Dyer is in charge of the kitchen. Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36. Defendants neither admit nor deny the allegations as to plaintiff's dietary needs. Defendants deny the remaining allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants repeat their responses to Paragraphs 1 through 33.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants repeat their responses to Paragraphs 1 through 35.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants repeat their responses to Paragraphs 1 through 39.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants repeat their responses to Paragraph 1 through 40.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants repeat their responses to Paragraphs 1 through 37.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants repeat their responses to Paragraphs 1 through 37.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. – 51. As these allegations are not directed to these defendants, no answer is required.

WHEREFORE, defendants request that judgment be entered in their favor and that they be awarded costs and attorney fees.

AND FURTHER ANSWERING, defendants state:

## AFFIRMATIVE DEFENSES

1. The Complaint, and each count of it, fails to state a claim upon which relief can be granted as to these defendants.

2. Defendants are entitled to qualified immunity.

3. Plaintiff's claim for punitive damages is barred by the prospective relief provisions of the Prison Litigation Reform Act.

4. Plaintiff failed to exhaust available administrative remedies as to some or all of his claims, and those claims must be dismissed.

5. Plaintiff's injuries are the result of his own actions or inactions, and any recovery is barred or must be reduced accordingly.

November 15, 2018                                      __/s/  James E. Fortin___
                                                       James E. Fortin
                                                       Assistant Attorney General
                                                       James.Fortin@maine.gov

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800


Certificate of Service

    The undersigned certifies that he filed this document by means of the court's ECF system, which will send a copy of the document to all counsel of record.


November 15, 2018                                      _____/s/ James E. Fortin_____
                                                       James E. Fortin