# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| SAMUEL COLLINS, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Docket No. 1:18-cv-435-NT |
| MAINE STATE PRISON WARDEN, et al., | ) ) ) ) |
|     Defendants. | ) |

## ORDER ON DEFENDANT WAKEEN'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

The Defendant Barbara Wakeen, a dietician at the Maine State Prison, filed a motion for judgment on the pleadings (ECF No. 14) pursuant to Rule 12(c). Fed. R. Civ. P. 12(c). The Plaintiff did not object. For the reasons stated below, I grant Defendant Wakeen's motion.

## FACTS

The Plaintiff's Complaint alleges that since 2013, he has suffered injury resulting, in part, from the failure or refusal of personnel at the Maine State Prison to ensure that he received a high-fiber diet to address to his medical condition. Compl. ¶¶ 13-37 (ECF No. 1). Specifically, the Plaintiff alleges that in 2014 a consulting gastroenterologist diagnosed him with diverticulitis and recommended that he be on a high-fiber diet. Compl. ¶ 24. The doctors at the Maine State Prison disagreed with the seriousness of the Plaintiff's condition and the gastroenterologist's recommendation. Compl. ¶¶ 25-26. In February 2016, the Plaintiff was taken to emergency room with an infection as a result of his continuing digestive problems.

Compl. ¶ 23. Thereafter, the Plaintiff repeatedly asked the prison's doctors to order a high-fiber diet for him, but they refused. Compl. ¶¶ 27-28. In May 2016, the Plaintiff was admitted to the infirmary so the prison's doctors could assess his dietary needs, but they did a poor job of conducting that assessment. Compl. ¶¶ 29-30. The prison doctors have since tried to help the Plaintiff get an appropriate diet, but various non-medical correctional personnel have deliberately interfered with those efforts. Compl. ¶¶ 35-36. The Plaintiff continues to be given food that makes him sick. Compl. ¶¶ 31, 37.

## DISCUSSION

### I. Judgment on the Pleadings Standard

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court employs the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008). " 'Because [a Rule 12(c)] motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom.' " *Id.* (quoting *R.G. Fin. Corp. v. Vergara–Nunez*, 446 F.3d 178, 182 (1st Cir. 2006)). To survive a 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, plausibly to give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a Complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), Rule 8 of the Federal Rules of Civil Procedure

2

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678.

**II. No Allegations Against Defendant Wakeen**

The only claim the Plaintiff asserts against Wakeen is brought under 42 U.S.C. § 1983 for deliberate indifference to his serious medical need for a special diet. Because vicarious liability is inapplicable to § 1983 claims, a plaintiff must plead that each government official has violated the Constitution. *Leavitt v. Correctional Medical Services, Inc.*, 645 F.3d 484, 502 (1st Cir. 2011). To successfully state an Eighth Amendment claim based on inadequate medical care, a plaintiff must plead: (1) that the deprivation of care was objectively, sufficiently serious, and (2) that the relevant official acted with deliberate indifference to an inmate's health or safety. *Leavitt*, 645 F.3d at 497; *Ruiz-Rosa v. Rullan*, 485 F.3d 150, 156 (1st Cir. 2007) (deliberate indifference may be shown by the denial of needed care as punishment or by decisions about medical care made recklessly with actual knowledge of impending harm that is easily preventable).

The only factual allegation regarding Wakeen in the Complaint is that she is a dietician at the prison.[1] Compl. ¶ 12. The Complaint does not allege that Wakeen—a non-physician—had authority to order a special medical diet or had the ability to make independent decisions about the Plaintiff's treatment. Moreover, Wakeen is not alleged to be one of the Defendants who interfered with the implementation of the

---

[1] Weeken's name appears only three times in the Complaint: (1) in the caption; (2) in paragraph 12, where it is alleged that she "is a dietician in charge of inmate diets at MSP"; and, finally, (3) on page 14, in the heading of Count VII.

3

prison physicians' dietary orders. The Complaint contains no specific factual allegations that Wakeen committed any act, or that she failed to act, in a way that impacted the Plaintiff—let alone any allegation that would suggest Wakeen acted with deliberate indifference. The Plaintiff's complaint does not state an Eighth Amendment claim for relief against Wakeen.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Defendant Wakeen's Motion for Judgment on the Pleadings on Count VII.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 29th day of March, 2019.